**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAYNE A. EVERETT, JR., | CIVIL ACTION NO. 10-3412 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| STATE OF NEW JERSEY (DEPARTMENT OF CORRECTIONS), et al., | |
| Defendants. | |

**COOPER**, **District Judge**

**I.   INTRODUCTION**

The plaintiff, Wayne A. Everett, Jr., a former employee of the Special Investigations Division ("SID") of the New Jersey Department of Corrections ("NJDOC"), brings the action against the defendants, the NJDOC (pleaded as State of New Jersey (Department of Corrections)), George Hayman, Thomas Moran, Melinda Haley, Richard McCourt, and Lydell Sherrer.  (See dkt. entry no. 1, Compl.)  Everett alleges that the defendants unlawfully retaliated against him for exercising his rights under the Family Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. ("FMLA").  (See id. at Count I, FMLA Claim.)  He also alleges that the defendants unlawfully retaliated against him for unrelated whistle-blowing activity, in violation of the New Jersey Conscientious Employee Protection Act, N.J.S.A. § 34:19-1, et seq. ("CEPA").  (See id. at

Count II, CEPA Claim.)  The Court has jurisdiction over the FMLA Claim pursuant to 28 U.S.C. § 1331 and over the CEPA Claim pursuant to 28 U.S.C. § 1367(a).

The NJDOC, Hayman, Moran, Haley, and McCourt ("the Moving Defendants") now move for summary judgment in their favor and against Everett.  (See dkt. entry no. 28, Mot.)[1]  They argue that CEPA bars assertion of the FMLA Claim.  (See dkt. entry no. 28-2, Br. in Supp. at 6-7.)  They also argue that Everett has not produced sufficient evidence to establish a prima facie claim for retaliation under either the FMLA or CEPA.  (See id. at 7-26.)  Everett opposes the Motion.  (See dkt. entry no. 35, Opp'n Br.)

The Court now resolves the Motion without oral argument.  See L.Civ.R. 78.1(b).  For the reasons that follow, the Court concludes that Everett has not established a prima facie claim of retaliation under the FMLA.[2]  The Court will thus grant the Motion insofar as it concerns the FMLA Claim and enter judgment on that claim against Everett and in the Moving Defendants' favor.[3]  The Court will also

---

[1] The Magistrate Judge earlier stayed the action insofar as it concerns Sherrer.  (See dkt. entry no. 34, 10-12-12 Letter Order.)

[2] Because the Court resolves the FMLA Claim on this ground, the Court does not reach the so-called CEPA preclusion argument.

[3] The Court will also dismiss Sherrer from the action, insofar as the FMLA Claim was raised against him.  (See 10-12-12 Letter Order (noting parties' agreement that Sherrer should, to the extent that the Motion is granted, be dismissed from the action).)

dismiss the CEPA Claim without prejudice to recommence that part of the action in state court.  See 28 U.S.C. § 1367(c)(3).

**II.  STANDARD OF REVIEW**

Summary judgment is proper pursuant to Federal Rule of Civil Procedure ("Rule") 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).

The movant carries the initial burden of demonstrating an absence of genuinely disputed material facts.  See Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  Material facts are those that "could affect the outcome" of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party."  Lamont v. New Jersey, 637 F.3d 177, 181 (3d Cir. 2011) (citation omitted).  The Court, when determining whether the movant has carried this burden, must view the evidence in the light most favorable to and draw all reasonable inferences in favor of the non-movant.  Scott v. Harris, 550 U.S. 372, 380 (2007); Wishkin v. Potter, 476 F.3d 180, 184 (3d Cir. 2007).

If the movant carries that burden, then the burden shifts to the non-movant to demonstrate the existence of at least one genuine issue for trial.  See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Williams v. Bor. of W.

Chester, Pa., 891 F.2d 458, 460-61 (3d Cir. 1989).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  Matsushita Elec. Indus. Co., 475 U.S. at 587 (citation omitted) (internal quotation marks omitted).  The non-movant must show that such issues exist by reference to the evidence of record.  See Fed.R.Civ.P. 56(c)(1); Matsushita Elec. Indus. Co., 475 U.S. at 586.  The non-movant may not rely solely on argument, speculation or conjecture, or inferences that rise therefrom.  See Lamont, 637 F.3d at 182 ("[T]he party opposing summary judgment . . . must point to evidence -- whether direct or circumstantial -- that creates a genuine dispute of material fact, 'and may not rely simply on the assertion that a reasonable jury could discredit the opponent[s'] account.'" (citation omitted) (latter alteration in original)); Kovalev v. City of Phila., 362 Fed.Appx. 330, 331 (3d Cir. 2010); Robertson v. Allied Signal, Inc., 914 F.2d 360, 382 n.12 (3d Cir. 1990).

    If the non-movant fails to show the existence of at least one genuine issue of material fact, then the burden shifts back to the movant to show an entitlement to judgment as a matter of law.  A movant is entitled to such judgment if, at trial, no reasonable jury could find for the non-moving party.  See Celotex Corp., 477 U.S. at 325; In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003).

"'[T]he burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof." Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 140 (3d Cir. 2004) (citation omitted).

The United States Court of Appeals for the Third Circuit has repeatedly cautioned parties opposing summary judgment to support their argument by reference to the record. See DeShields v. Int'l Resort Props. Ltd., 463 Fed.Appx. 117, 120 (3d Cir. 2012) ("If factual support for [the plaintiff's] claim existed in the record, it was incumbent upon her to direct the District Court's attention to those facts."); Perkins v. City of Elizabeth, 412 Fed.Appx. 554, 555 (3d Cir. 2011) ("[A] court is not obligated to scour the record to find evidence that will support a party's claims. . . . Courts cannot become advocates for a party by doing for that party what the party ought to have done for him or herself."). Indeed, that court has noted that "[j]udges are not like pigs, hunting for truffles buried in briefs." DeShields, 463 Fed.Appx. at 120 (quoting United States v. Starnes, 583 F.3d 196, 216 (3d Cir. 2009) (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991))) (alteration in original).

**III. BACKGROUND**

Everett began working for SID in 1993. (See dkt. entry no. 28-8, Ex. B to Kemether Certification, Everett Dep. at 23:12-14.) In May of 2006, he was promoted to the position of Assistant Chief Investigator. (See id. at 16:15-19, 21:15-24.) On or about February 1, 2009, following the retirement of his supervisor, the Chief Investigator, Everett "began supervising the day to day operations of the SID, in an acting capacity only, without the actual title or any increased compensation." (Dkt. entry no. 28-1, Moving Defs.' Statement of Facts ("SOF") at ¶ 18 (emphasis in original); see also Everett's Response to Moving Defs.' SOF at ¶ 18.)[4]

Everett submitted a request for "family leave" in 2009, during his time as the acting Chief Investigator of the SID. (See dkt. entry no. 28-21, Ex. R to Kemether Certification, Certification of Health Care Provider for Family Member's Serious Health Condition at 1.) The NJDOC approved Everett's request, and Everett took intermittent leave from the SID between February 28, 2009 and March 10, 2009. (See Everett Dep. at 181:17-182:21; dkt. entry no. 28-21, 3-30-09 Mem. from Judith Todd to Everett (approving the request).)

---

[4] Where, as here, both the Moving Defendants and Everett have affirmatively agreed on statements of fact, the Court relies on the Moving Defendants' SOF and Everett's response thereto.

6

Everett continued to unofficially supervise the day to day operations of the SID until July 27, 2009, when he was appointed as the Chief Investigator of the SID on a provisional basis. (See dkt. entry no. 28-20, Ex. Q to Kemether Certification, 7-22-09 Mem. from Todd to Hayman, et al.; see also Everett Dep. at 18:3-6 (recognizing that the appointment was for a "provisional title," which was issued "pending promotional examination").) He continued to serve the SID in that capacity until early December of 2009, when he was removed as Chief Investigator and returned to his role as an Assistant Chief Investigator. (See dkt. entry no. 28-14, Ex. K to Kemether Certification, 12-8-09 Mem. from Haley to Everett.)

**IV. ANALYSIS**

   **A.   Everett Has Failed to Establish a Prima Facie Claim of Retaliation under the FMLA**

To prevail on a retaliation claim under the FMLA, a plaintiff must prove that: (1) he invoked his right to FMLA-qualifying leave; (2) he suffered an adverse employment decision; and (3) the adverse action was causally related to his invocation of rights under the FMLA. Lichtenstein v. Univ. of Pittsburgh Med. Ctr., 691 F.3d 294, 301-02 (3d Cir. 2012). Because FMLA retaliation claims require proof of the employer's retaliatory intent, courts assess such claims through the lens of employment discrimination law. Id. at 302. Accordingly, claims based on circumstantial evidence are assessed under the burden-shifting framework that was established

in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1976). Id. at 302, 302 n.11; see also Colburn v. Parker Hannifin/Nichols Portland Div., 429 F.3d 325, 331-32 (1st Cir. 2005); Portenza v. City of N.Y., 365 F.3d 165, 167-68 (2d Cir. 2004).

Under the McDonnell Douglas framework, Everett has the initial burden of production, insofar as he must establish a prima facie claim of retaliation under the FMLA. To do so, he must point to evidence of record sufficient to create a genuine factual dispute about each element of the FMLA Claim, i.e.: (1) invocation of an FMLA right; (2) an adverse employment action; and (3) causation. Lichtenstein, 691 F.3d at 302.[5]

Everett offers the following argument in opposition to the Motion, and in support of his contention that he can establish a prima facie claim of retaliation under the FMLA:

> In the present case the Plaintiff has proven that he took approved FMLA leave in February and March 2009, after assuming the day to day role of Acting Chief SID. Plaintiff can also show he suffered an adverse employment decision; being removed as Acting Chief in December 2009. Finally, Everett cal [sic] also show a causal connection between his exercising FMLA leave and

---

[5] If Everett met this burden, then the burden of production would shift to the Moving Defendants to "articulate some legitimate, nondiscriminatory reason" for the adverse employment action. Lichtenstein, 691 F.3d at 302 (quoting McDonnell Douglas, 411 U.S. at 802). And if the Moving Defendants met "this minimal burden," then the burden of production would shift back to Everett, who would be required to "point to some evidence, direct or circumstantial, from which a factfinder could reasonably disbelieve [the Moving Defendants'] articulated legitimate reasons." Id. (citation omitted).

8

> his subsequent removal.  Defendant [McCourt] told him he wasn't there enough when advised by Everett that he had utilized approved FMLA leave he was informed by [McCourt] that he didn't care.

(Opp'n Br. at 8.)

The Court need not address the merits of Everett's argument. It is sufficient to note that Everett has failed to meet the burden of production set forth in Rule 56 and related cases; he has failed to show that at least one genuine issue of disputed fact exists <u>by reference to the record</u>. (<u>See</u> <u>id</u>.)  <u>But see</u> Fed.R.Civ.P. 56(c)(1); <u>DeShields</u>, 463 Fed.Appx. at 120; <u>Perkins</u>, 412 Fed.Appx. at 555. Neither his brief nor his response to the Moving Defendants' SOF references evidence of record.[6]  Because Everett is represented by counsel, the Court will neither liberally construe his opposition papers nor scour the record on his behalf.

If the Court addressed the merits of Everett's argument, then the Court would nonetheless conclude that he cannot establish a <u>prima facie</u> case of retaliation under the FMLA.  Specifically, he has failed to carry his burdens of production and persuasion as they pertain to causation.

---

[6] The Court has reviewed "Plaintiff Everett's Counter Statement [sic] of Uncontested Material Facts in Support of His Opposition to Defendants [sic] Motion for Summary Judgment," which properly references the record.  (<u>See</u> dkt. entry no. 35, Everett's SOF.)  However, the Court has concluded that none of the statements contained in that document affect the resolution of the FMLA Claim.

9

Everett appears to argue that he was removed as Chief Investigator of the SID in December of 2009 because he took intermittent leave under FMLA between February 28, 2009 and March 10, 2009, approximately nine months earlier.  He offers no other evidence to support his claim.[7]

Everett's argument runs afoul of well-settled law regarding temporal proximity.  The temporal proximity between an employer's knowledge of protected activity and an adverse employment action cannot suffice to establish a prima facie case of retaliation under the FMLA unless the temporal proximity could be construed as "very close" or "unusually suggestive".  LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 232 (3d Cir. 2007) (citations omitted).  Such temporal proximity will not be construed as "very close" if it meets or exceeds three months.  See Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001).  Because the protected activity and adverse employment action here were separated by approximately

---

[7] Everett states in the Opposition Brief that McCourt, when advising Everett of his removal from the position of Chief Investigator, cited Everett's excessive absenteeism and advised Everett that he "didn't care" about Everett's exercise of FMLA leave.  (See Opp'n Br. at 8.)  It appears that Everett has misconstrued the record.  McCourt's comments about absenteeism were directed toward Everett's on-the-job performance between April 11, 2009 and December 2, 2009.  (See dkt. entry no. 28-13, Ex. J to Kemether Certification, 12-2-09 Mem. from McCourt to Haley; see also Everett Dep. at 127:13-14 (demonstrating that Everett met with McCourt and Haley), 132:17-133:13 (referring to McCourt's comments during a meeting on December 4, 2009).  Because that period does not include the period when Everett exercised his rights under FMLA, such leave was immaterial to his discussion with McCourt.

10

nine months, and because no other evidence supports the FMLA Claim, the FMLA Claim would fail.

### B. The Court Will Dismiss the CEPA Claim Without Prejudice to Recommence that Part of the Action in State Court

Where, as here, the Court has resolved all claims over which the Court has original jurisdiction, the Court has discretion to decline to exercise supplemental jurisdiction over the remaining claims. See 28 U.S.C. § 1367(c)(3).

> It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. . . . Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (footnotes omitted); see also Byrd v. Shannon, No. 11-1744, 2013 WL 1760848, at *9 (3d Cir. Apr. 25, 2013). "Under Gibbs jurisprudence, where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Bor. of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995). It does not appear that such considerations are controlling here.

11

**V.     CONCLUSION**

The Court will grant the Motion insofar as it concerns the FMLA Claim.  The Court will accordingly enter judgment on that claim in the Moving Defendants' favor and against Everett, and, for the reasons stated in note 3, supra, dismiss Sherrer from the action insofar as the FMLA Claim was raised against him.  The CEPA Claim will be dismissed without prejudice to Everett to recommence that portion of the action in an appropriate state court pursuant to 28 U.S.C. § 1367(d).  The Court will enter a separate order and judgment.

                                        s/ Mary L. Cooper                                         
                                        **MARY L. COOPER**
                                        United States District Judge

Date:     May 28, 2013